Mark Terpstra and Jennifer Terpstra, Plaintiffs-Appellants,
v.
Joseph Van Aelstyn and Cornelia Van Aelstyn, Defendants-Respondents.
No. 04-2800-FT.
Court of Appeals of Wisconsin.
Opinion Filed: March 10, 2005.
¶1 LUNDSTEN, J.[1]
Mark and Jennifer Terpstra appeal a circuit court judgment entered after the court's determination that they failed to prove a misrepresentation claim against Joseph and Cornelia Van Aelstyn in connection with the sale of residential property. WISCONSIN STAT. ch. 709 governs disclosures by residential real estate sellers. The Terpstras contend the Van Aelstyns violated ch. 709 by failing to disclose a roof repair to a home the Van Aelstyns sold to the Terpstras. We disagree and affirm the circuit court judgment.

Background
¶2 The Terpstras purchased residential property from the Van Aelstyns in the fall of 2003. In connection with the sale, the Van Aelstyns had completed a real estate condition report, in which they represented that the roof of the residence was free of any defects. The following February, the Terpstras learned of a leak in the roof and sued the Van Aelstyns in small claims court.
¶3 At a bench trial, Mark Terpstra testified that, in investigating the source of the leak, he found a plastic trough under a joint in the roof along with pots and pans to collect water. A roofer then testified as to the nature and possible cause of the leak. Joseph Van Aelstyn testified that, before the Terpstras purchased the property, he had hired a masonry contractor to perform work on the chimney. During the course of that work, the masonry contractor punctured holes in a flat area of the roof. Upon discovery of the holes, Van Aelstyn had rigged the trough system as a temporary measure, but ultimately had the roof repaired. Van Aelstyn determined that there was no need to remove the trough system and therefore left it in place.
¶4 The circuit court concluded that the Terpstras had failed to prove a misrepresentation claim. The court found as matter of fact that, so far as the Van Aelstyns knew, the roof did not leak at the time of the sale. Relying on testimony of the roofer presented by the Terpstras, the circuit court found that the leak may have been caused by an ice dam on the roof. The Terpstras appeal.

Discussion

Whether the Van Aelstyns' Failure to Disclose the Repair to the Roof Constitutes Misrepresentation as a Matter of Law Under WIS. STAT. Ch. 709
¶5 The Terpstras' primary argument is based on WIS. STAT. ch. 709, which sets forth disclosure requirements for residential real estate sales. The Terpstras argue:
[We] appellants suggest that all repairs to items specifically mentioned in Chapter 709 be disclosed in order to provide the buyer with the protections contemplated by the legislature under Wis. Stats. Chapter 709.... [We] respectfully request that the Court of Appeals find, as a matter of law, that failure to disclose known repairs to an item specifically mentioned in Chapter 709 constitutes misrepresentation ....
(Emphasis added.)
¶6 Statutory interpretation is a question of law, which we review de novo. Knight v. Milwaukee County, 2002 WI 27, ¶14, 251 Wis. 2d 10, 640 N.W.2d 773. We begin by analyzing the language of the statute. State ex rel. Kalal v. Circuit Court, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially defined words or phrases are given their technical or special definitional meaning. Id. Here, we also examine the language in the real estate condition report form statute, and we will use the same statutory interpretation principles to guide us. See Knight, 251 Wis. 2d 10, ¶33 (examining the language in a power of attorney form statute in order to determine the legislative intent underlying the power of attorney statute).
¶7 WISCONSIN STAT. §§ 709.01, 709.02, and 709.03 require certain sellers of certain real property to provide potential buyers with a real estate condition report. Section 709.03 includes a model form, which sets forth minimum requirements and includes 27 specific queries for items relating to the property's structure, condition, and legal status. A number of the items ask whether the seller is aware of "defects" in some aspect of the property, including the roof, electrical system, heating and air conditioning system, well, septic system, and basement or foundation. WIS. STAT. § 709.03. For each item, sellers must indicate "Yes," "No," or "N/A" as to whether they are aware of a defect. Id.
¶8 Important to our analysis here, the statutory form provides a specific definition of a "defect" for purposes of disclosure on the condition report. A "defect" is
a condition that would have a significant adverse effect on the value of the property; that would significantly impair the health or safety of future occupants of the property; or that if not repaired, removed or replaced would significantly shorten or adversely affect the expected normal life of the premises.
WIS. STAT. § 709.03.
¶9 The Terpstras ask that we interpret WIS. STAT. ch. 709 as requiring sellers to disclose all repairs to items specifically listed on the condition report, regardless of whether the repair remedied the defect. But this interpretation does not fit the language of the statute. Under WIS. STAT. § 709.03, a defect is "a condition ... that if not repaired, removed or replaced would significantly shorten or adversely affect the expected normal life of the premises" (emphasis added). A successful repair to a house, obviously, does not normally "significantly shorten or adversely affect the expected normal life" of the house. So, we reject the legal argument that ch. 709 requires sellers to disclose all repairs to the specified items in § 709.03.
¶10 The Terpstras point to case law under which some real estate sellers have a duty to disclose conditions that are "material" to the sale and that are not readily discernible to the purchaser. See Ollerman v. O'Rourke Co., 94 Wis. 2d 17, 42, 288 N.W.2d 95 (1980); Green Spring Farms v. Spring Green Farms Assocs. Ltd. P'ship, 172 Wis. 2d 28, 39, 492 N.W.2d 392 (Ct. App. 1992). Under Ollerman, a fact is "material" if
a reasonable purchaser would attach importance to its existence or nonexistence in determining the choice of action in the transaction in question; or if the vendor knows or has reason to know that the purchaser regards or is likely to regard the matter as important in determining the choice of action, although a reasonable purchaser would not so regard it.
Ollerman, 94 Wis. 2d at 42. These cases appear to address the common law duty to disclose, not the duty to disclose under WIS. STAT. ch. 709. Thus, we are skeptical of the Terpstras' assertion that the "notions" of Ollerman were codified in ch. 709. Still, even assuming that is true, the Terpstras' argument fails because they present no authority for the proposition that, under Ollerman or similar cases, a successful repair to a house results in a condition that must always be disclosed by a seller.
¶11 Thus, we reject the Terpstras' argument that certain types of home repairs must always be disclosed to home buyers.

Whether the Van Aelstyns' Failure to Disclose the Repair to the Roof Otherwise Constitutes Misrepresentation 
¶12 The Terpstras also seem to be arguing that, apart from WIS. STAT. ch. 709, they should have prevailed on their misrepresentation claims. Though their argument is not well developed, it appears the Terpstras are challenging express and implicit factual findings by the circuit court. The Terpstras, in effect, ask this court to find that the Van Aelstyns knew or should have known that the roof repair was not fully successful. Of course this is not a fact-finding court. To the contrary, we assume fact finding by the circuit court in a manner that supports its final decision. State v. Pallone, 2000 WI 77, ¶44 n.13, 236 Wis. 2d 162, 613 N.W.2d 568. We will not set aside express or implicit fact findings by a circuit court unless those findings are clearly erroneous. See WIS. STAT. § 805.17(2).
¶13 The Terpstras have not developed the argument that one or more of the circuit court's findings, whether express or implied, were clearly erroneous. We gather that the Terpstras place primary reliance on the fact that the Van Aelstyns did not remove the temporary trough system. But the circuit court was clearly entitled to believe Joseph Van Aelstyn's testimony that he chose not to remove the trough system simply because there was no need to remove it.

Attorney's Fees
¶14 The Van Aelstyns move for attorney's fees pursuant to WIS. STAT. RULE 809.25(3)(c)2., which provides for an award of fees against a party or a party's attorney if
[t]he party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
We have rejected the Terpstras' interpretation of WIS. STAT. ch. 709, and their other arguments, but we do not think the entire appeal is frivolous. In particular, we think the Terpstras' statutory argument fits within the RULE 809.25(3)(c)2. standard allowing for good faith assertions in support of the extension or modification of existing law. We therefore deny the Van Aelstyns' motion for attorney's fees.
By the Court.  Judgment affirmed.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (2003-04), decided by one judge pursuant to WIS. STAT. § 752.31(2)(a). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.